

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# Salley v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2942

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Salley v. PA Dept Corr" (2006). *2006 Decisions.* Paper 1065.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1065

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 03-2942

ALFONZO SALLEY,

Appellant

v.

PA DEPARTMENT OF CORRECTIONS; MARTIN F. HORN, Commissioner;
WILLIAM HARRISON, Director of Inmate Services; DONALD WILLIAMSON;
FREDERICK FRANK; DIANE BANEY; LARRY REID; ROBERT S. BITNER;
MITCHELL; R. NORRIS; ROBERT TAYLOR; R. MCCALL; HUQUITT; OLDERING;
BEARD; WAKEFIELD; HYDE; SGT. HICKS; HARRIS; BROWN; SHUGAR;
PHILIP JOHNSON; JAMES PRICE, Superintendent; L. P. BENNING, Deputy
Superintendent; MARISA KELLY, Principal; KENT WARMAN, Unit Manager;
THOMAS SEIVERLING; JEAN MEARS; J. F. HASSEFF; STEVE CUBBERLY;
MARIA BALESTRIERI; J. CASNER, Program Review Committee; JOHN D'ELETTO,
Activities Manager; J. KINGSTON, Captain of Guards; J. R. WRIGHT, Sergeant
"RHU"; JONES; R. E. ROUCH, Captain of Guards; BEN ANSELL, Hearing Examiner;
A. COY, Guard "RHU"; SCHIFKO; SHARON BEERMAN; STOWITZKY; REINER;
CHARLES ROSSI; STANLEY FALOR, Physician; ZAPPA, Physician; BLAINE
STEIGERWALT; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; SHUGART; LEAR;
CLEAVER; ROSS; GREEN; SNYDER; ANDREW LASKY; DRAGOVICH; YOUNG

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 99-cv-00606)
Magistrate Judge: Honorable Andrew J. Smyser

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2006
Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed    May 23, 2006 )

_____

OPINION

_____

PER CURIAM

In April 1999, Appellant Alfonzo Salley submitted a complaint pursuant to 42 U.S.C. § 1983 setting forth various allegations against current and former employees and officials of the PA Department of Corrections ("DOC"), including claims that his legal mail and other property had been confiscated, that he was deprived of basic life necessities, and that he had been denied adequate health care and access to the courts in retaliation for filing grievances and other legal actions. Over the course of four years, all of Salley's claims were resolved in favor of the Defendants with the exception of an Eighth Amendment claim against Blaine Steigerwalt. For the reasons that follow, we will affirm.

I.

In 1999, Magistrate Judge Smyser issued a report recommending that Defendants Betner, Shugart, Norris, and Mitchell be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e, and by order entered May 20, 1999, the District Court adopted that report. The remaining DOC Defendants thereafter filed a motion requesting a more definite statement or, in the alternative, to have the complaint dismissed for lack of jurisdiction. Salley failed to respond and the District Court entered an order dismissing the complaint for failure to prosecute. Salley timely appealed. After appointing counsel,

2

we reversed the order of dismissal and remanded the matter for further proceedings given the District Court's failure to consider this Court's decision in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). See C.A. No. 00-3055.

Attorney Angus Love, whom we appointed to represent Salley in C.A. No. 00-3055, filed an amended complaint in the District Court on April 22, 2002. Once again, the Defendants filed motions to dismiss. By order entered August 27, 2002, the District Court adopted the Magistrate Judge's report, which recommended that Defendant Falor's motion to dismiss be denied, and that the motion to dismiss submitted by the remaining Defendants be denied in part and granted in part.

Salley and the remaining Defendants consented to proceed before the Magistrate Judge. In an order entered on April 11, 2003, Magistrate Judge Smyser granted summary judgment in favor of Defendants Hicks, Rossi, Ross, Green, Snyder, Lasky, Young, Falor, and Reiner.[1] It denied the motions with respect to Defendants Cleaver, Dragovich, and Steigerwalt. Following a two day trial, the jury entered a verdict in favor of Cleaver and Dragovich and against Salley, and in favor of Salley against Steigerwalt in the amount of $1.00. The Clerk's judgment reflecting the jury's verdict was entered on June 8, 2003. Counsel filed a timely notice of appeal.

---

[1] It appears that many of the Defendants named in the caption were never served and were never officially party to this litigation. Thus, unless specifically mentioned herein, we do not address the claims against the remaining individuals.

On July 9, 2003, Salley mailed a pro se notice of appeal challenging all of the District Court's orders. We thereafter granted Salley's motion for leave to proceed pro se. In an order issued on June 21, 2004, we granted Salley's motion for the production of transcripts at government expense, limited to the transcript of the District Court's charge on the issue of damages.

After granting the motion for transcripts, Salley filed his opening brief. The brief exceeded the page length provided by Federal Rule of Appellate Procedure 32(a)(7)(A), and was accepted for information purposes only. Salley finally filed a motion for leave to exceed the page limit, which we granted. The Appellees jointly filed a motion to quash the appeal or in the alternative, to clarify the issues. The Appellees also submitted briefs with respect to this matter. The appeal is now ripe for review.[2]

## II. TIMELINESS AND SCOPE OF THE APPEAL

We must first address which orders were timely appealed. There is no dispute that Salley timely appealed from the District Court judgment entered June 8, 2003. However, the Appellees argue that Salley's pro se notice of appeal mailed on July 9, 2003, and docketed on July 14, is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A), thereby precluding from our review a number of issues raised in Salley's brief. We do not have to decide whether Salley's pro se notice of appeal is timely to review the District Court's grants of summary judgment. Rather, we find that the counseled notice of appeal

_____

[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

and associated documents sufficiently permits an inference that Salley intended to appeal from the District Court's order entered on April 11, 2003.

We construe the requirements of Federal Rule of Appellate Procedure 3(c) liberally. See Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). "[J]urisdiction vests over orders not specified in the notice of appeal if there is a connection between the specified and unspecified orders, the intention to appeal the unspecified order is apparent, the opposing party is not prejudiced and has a full opportunity to brief the issues." Id. (citing a number of favorable opinions).

Here, Salley's counseled notice of appeal does not expressly waive an appeal from the April 11 order and Salley's own pro se filings clarify his desire to appeal the order. Additionally, counsel's civil information statement expressing an intent to challenge the District Court's grant of summary judgment with respect to claim seven of the complaint highlights that we can infer an intent to appeal both of the District Court orders. Lastly, the Appellees cannot argue prejudice even though they do not address a majority of the issues in their briefs. They have been on notice that these claims were potentially appealable, yet instead of addressing the claims in the alternative, the Appellees chose to rely exclusively on a jurisdictional argument. Thus, we will review the District Court's grant of the motions for summary judgment.[3]

---

[3] We also note that upon further review of the record, it appears that Salley filed a notice of appeal in this Court, which we received on July 7, 2003. The notice of appeal is timely, see Fed. R. App. P. 4(d), and expresses a clear intent to appeal from the April 11

5

III.  SALLEY'S CLAIMS[4]

After a close reading of the filings in this case, we conclude that in addition to the District Court's grants of summary judgment entered April 11, 2003, only one issue is properly before us: whether the District Court's instruction on damages was improper.[5]

A.      Instruction on Nominal Damages

---

order.  Unfortunately, due to a clerical error, the notice of appeal was never docketed or transferred to the District Court.  Judicial economy counsels against transferring the undocketed notice of appeal to the District Court and further delaying this already greatly prolonged litigation.

[4]  The Appellees ask us to either quash Salley's brief or dismiss the appeal as a sanction for failing to comply with the briefing schedule.  We have discretion under L.A.R. 107.3 to impose sanctions for failure to comply with Federal Rule of Civil Procedure 32 or our local rules.  Salley argues that he never received this Court's first request that he file a motion for leave to file an extended brief.  He responded quickly after the second notice, and the problem is now corrected.  Further, the Appellees have not been prejudiced by the short delay.  See Poulis, 747 F.2d at 868 (assessing factors to consider when determining sanctions for failure to prosecute).  Moreover, Salley's brief is helpful in clarifying the issues on appeal.  Accordingly, the motion to quash is denied.

[5]  Without transcripts, we will not review the verdicts in favor of Cleaver and Dragovich for the sufficiency of the evidence.  Federal Rule of Appellate Procedure 10(b) requires an appellant to order a transcript of the parts of the District Court proceedings that the appellant considers necessary.  Fed. R. App. P. 10(b)(1).  When the Rule is not followed, we have recognized that Rule 3(a)(2) permits "the court of appeals to act as it considers appropriate . . . ."  Fed. R. App. P. 3(a)(2); see Horner Equip. Intern., Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 92-93 (3d Cir. 1989).  We recognize that the lack of transcripts is in part due to our order denying Salley's motion for the transcription of the trial in forma pauperis.  However, when we requested Salley to provide us with a summary of issues he intended to appeal, he was less than forthcoming.  Thus, we limited the grant to the propriety of the District Court's instruction on damages, the only clearly specified challenge relating to the jury's verdict at that time.

6

With respect to the appeal relating to the jury verdict, Salley's concerns center on the jury's award of nominal damages against Steigerwalt. Although Salley does not specifically explain why the verdict is erroneous, he makes the following argument: "[t]he plaintiff has a physical injury. The defendants punish him and caused him mental and emotional suffering. The defendants behavior was highly unethical and caused psychological torture . . . . Plaintiff suffers great pain." Pl. Brief at 36. The argument appears to address the jury's factual determination more than the District Court's instruction. We will, however, construe the argument to challenge the instruction on nominal damages.

A charge on nominal damages should be given where actual damages are disputed. See Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001). In the case of a civil rights complaint, a nominal damages instruction will be given where physical injury is disputed. See 42 U.S.C. § 1997e(e) (requiring a showing of physical injury). Nominal damages may also be awarded when the injury is merely de minimis. See Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003) (stating that § 1997e(e) requires more than a de minimus physical injury before an emotional injury is compensable). Only if an undisputed fact establishes physical injury per se, did the District Court abuse its discretion by instructing the jury on nominal damages. See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir. 1997) (stating the standard of review).

Salley argues he suffered emotional and mental injury, but as stated above, § 1983 requires proof of an actual physical injury. See 42 U.S.C. § 1997e(e). It is undisputed

7

that Steigerwalt was responsible for denying Salley food from February 21, 2001 through March 9, 2001. It is also undisputed that Dr. Young examined Salley several times during this period due to his missing meals. In dicta, we have implied that the deprivation of food and drink for four days may be a physical injury. See Mitchell, 318 F.3d at 533. However, we are aware of no published authority holding that hunger or starvation are per se physical injuries. This question was implicitly left to the jury, and the verdict suggests that it found Salley's hunger was not so severe that it constituted physical injury. Thus, the District Court did not abuse its discretion by instructing the jury on nominal damages.

B. Summary Judgment Arguments

1. Exhaustion and Procedural Default

We begin by noting that the Magistrate Judge did not address counts 1 and 4 of Salley's amended complaint in his memorandum opinion. Count one was dismissed against Defendants Wakefield and Shugart on August 27, 2002, and it appears that Lear was never served with the complaint. Similarly, no party was served with respect to count 4 against one John Doe officer.

Turning to the claims actually addressed in the April 11 memorandum, we exercise plenary review over the grant of a motion for summary judgment, see Fertilizer Inst. v. Browner, 163 F.3d 774, 777 (3d Cir. 1998), and agree with the Magistrate Judge that claims 2, 3, 5, and 8 are unexhausted and that claim 6 is procedurally defaulted. We also find that claim 7 is in part unexhausted and in part defaulted. Title 42 U.S.C. § 1997e(a)

requires Salley to exhaust his administrative remedies. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). In order to exhaust remedies, Salley must pursue a grievance through final administrative review. See Inmate Grievance Sys. Policy, DC-ADM 804 VI D.

Tshanna Kyler, an administrative officer in the Secretary's Office of Grievances and Appeals explains that after an investigation of the grievance records, she could find no appeals for final review regarding the specific claims raised in counts 2, 3, 5, or 8. Salley fails to refute Kyler's assertions. Kyler also states that with respect to claim 6, the appeal for final review was untimely, and with respect to claim 7, several grievances were filed for final review which raised claims of deprivation of legal mail, but the claims were absent from the initial grievance.

The administrative exhaustion requirement is also subject to procedural default. See Spruill v. Gillis, 372 F.3d 218, 230-31 (3d Cir. 2004). We look to the DOC's established procedures to determine when a claim is defaulted. Id. Turning to claim 6, a prisoner aggrieved by an intermediate ruling may seek final review within five days of receiving the decision. DC-ADM 804 VI D.1.b. Salley's appeals were all untimely filed. He argues that he was unable to access his legal mail, but at the time when his appeals were due, he was not in the special housing unit. Thus, his argument fails.

With respect to claim 7, the initial grievance must "include a statement of the facts relevant to the claim." DC-ADM 804 VI A.1.d. Salley filed several claims to final review asserting denial of access to legal material claims, but he failed to include the

9

claims in his initial grievances. Failure to follow prison grievance procedures results in a procedural default. See Spruill, 372 F.3d at 230-31. In only one instance did Salley include these claims in an initial grievance. See Grievance No. GRN-1172-99. He claimed that the Defendants denied him access to his legal mail. The prison responded that it had erred and misdirected the mail. The grievance coordinator then assured Salley that the error was corrected. Salley did not appeal the decision although he was apparently dissatisfied with the resolution because he did not receive monetary relief, but now contends such relief is warranted. Salley argues that he did not need to file an appeal to final review because he received a favorable decision.

Both law and common sense belie Salley's claim. We held in Nyhuis v. Reno that an inmate must pursue his grievance through final review even where the relief requested is effectively unavailable. 204 F.3d at 71. Nyhuis expressly provides that full exhaustion is required even if monetary damages are not available. Id. Additionally, if Salley received a favorable decision, he can not file a federal claim on the incident. If he was discontent with the prison's decision because he did not get monetary relief he had to present his arguments that the relief was insufficient in his appeals of the grievance. Id. Thus, the Magistrate Judge did not err in granting the Defendants' motion.

2. Claims 9, 10, 12, and 13[6]

---

[6] Claim 11 alleges that Steigerwalt and Cleaver denied Salley basic human necessities. The Magistrate Judge denied the Defendants' motion for summary judgment and allowed the matter to proceed to trial. Thus, Salley has no basis to challenge the ruling at the summary judgment stage.

The Magistrate Judge addressed these claims on the merits. He concluded that although no grievances presenting these issues for final review are provided in the record, the claims involve ongoing injuries, and Salley often complains that he was effectively shut out of the grievance process and his records were destroyed. Thus, it is possible that administrative remedies were, or still are, effectively unavailable. Rather than addressing this issue, we will determine whether the Magistrate Judge accurately denied each claim on the merits.

In claim 9, Salley alleges that Dr. Lasky and Superintendent Dragovich were deliberately indifferent to his pain associated with hepatitis C and failed to treat the condition. Salley admitted that he never had contact with Dr. Lasky and never requested any treatment from him specifically. Although he argues on appeal that he recognized Lasky, he still fails to allege that Lasky ever personally deprived him of medical attention. Since liability under § 1983 cannot be based on a theory of respondeat superior, Salley has no claim against Lasky. See Rouse v. Plantier, 182 F.3d 192, 200 (3d Cir. 1999). The Magistrate Judge denied Dragovich's motion for summary judgment. That ruling is not challenged here.

Claim 10 alleges medical claims against Lasky, Young, and Steigerwalt. Salley claims that each Defendant denied him medical attention and a wheelchair for his consistent pain and inability to walk. As mentioned above, no claim exists against Dr. Lasky. We also see no error in the Magistrate Judge's thorough analysis with respect to Dr. Young. Young presented reports documenting his numerous exams of Salley.

11

Nothing in the reports shows that Young's numerous checkups and assessments were inadequate. More importantly, Salley has not produced any medical evidence to counter Young's medical conclusion that Salley can walk, but is merely malingering. Similarly, Steigerwalt cannot be deliberately indifferent when he reasonably relied upon Young's assessment that Salley did not require a wheelchair or medical treatment.

Claim 12 asserts that Dragovich and Steigerwalt violated the Eighth Amendment by failing to provide necessary mental health treatment. Salley does nothing more than allege that the Defendants were aware of his need for mental health treatment. He also fails to note specific incidents where he informed either Defendant that he needed treatment and provides little medical evidence suggesting that treatment is necessary. Although he does present several reports asserting that psychiatric treatment could be helpful, none of the reports state it is necessary. Moreover, both Defendants denied knowledge of such reports. We find no basis to conclude that either Defendant was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Salley's final claim alleges an equal protection violation against Dragovich and Steigerwalt. Specifically, he alleges that he was the subject of numerous racial slurs, was treated differently than a white inmate in the restricted housing unit, and that the prison transferred more black than white inmates into restricted housing. First, the use of racial slurs without accompanying harassment or deprivation of a right is not a violation of equal protection. See, e.g., Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999)

12

(collecting cases).  However, Salley also contends that he was disciplined for failing to abide by the prison rules, whereas white inmates often were not.  The evidence does not support his argument.  Steigerwalt testified that guards often ignore rule violations because writing up every violation would be counterproductive.  Steigerwalt testified that noise violations and use of racial epithets are often ignored.  Salley does not argue he was treated differently with respect to these rules, but with respect to standing for food.  Salley was the only inmate who refused to stand for food and this attracted particular attention from the guards.  No evidence suggests that Salley was treated differently with respect to the other inmates.

For the foregoing reasons, we will affirm the orders of the District Court.