DLD-045                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3658
_____

ALFONZO B. SALLEY,
                                        Appellant

v.

MARTIN DRAGOVICH; MICHAEL CLEAVER; BLAINE E. STEIGERWALT;
PALOKOVICH, Deputy Superintendent of SCI-Camp Hill; DOCTOR WILLIAM
YOUNG, SCI-Camp Hill; DOCTOR MARTIN LANSKY, SCI-Camp Hill;
SHUTHERLAND, Counselor SCI-Camp Hill; JOHN DOE PSYCHILOGIST, SCI-Camp
Hill; JOHN DOE PSYCHIATRIC, SCI-Camp Hill; SGT. ROSS, SCI-Camp Hill;
CORRECTIONAL OFFICER LEHMAN, SCI-Camp Hill; CORRECTIONAL OFFICER
TAYLOR, SCI-Camp Hill; OFFICER JOHN DOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-02423)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2014
Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 4, 2014)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Alfonzo B. Salley, a federal inmate proceeding pro se, appeals from the District Court's order dismissing a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, we will summarily affirm. See L.A.R. 27.4; I.O.P. 10.6.

I.

In April 2002, Salley filed a counseled amended complaint pursuant to 42 U.S.C. § 1983, alleging, among other claims, that he was denied medical attention in violation of the Eighth Amendment.[1] The parties agreed to proceed before a Magistrate Judge who granted summary judgment in favor of the defendants related to Salley's claim that he was denied medical attention and a wheelchair for injuries he had suffered to his head, neck, and spine, which left him unable to walk. In his memorandum, the Magistrate Judge thoroughly outlined the defendants' evidence, including reports and testimony from numerous medical examinations, showing that Salley was not injured. Salley v. PA Dep't of Corr., No. 99-cv-0606, slip op. at 39-49 (M.D. Pa. April 11, 2003). The Magistrate Judge also noted that Salley had failed to offer any evidence to cast doubt on the defendants' medical expert testimony. Id. at 47-48.

---

[1] Salley's amended complaint raised many claims, including multiple Eighth Amendment claims, unrelated to the motion now before us. We will briefly outline the procedural history only as it relates to Salley's current Rule 60(b) motion, limited to the Eighth Amendment claim stemming from the denial of medical treatment for injuries to his head, neck, and spine.

Following a two-day jury trial on claims not related to Salley's current motion, the Magistrate Judge entered judgment on June 8, 2003. Salley raised numerous claims on appeal, including a challenge to the grant of summary judgment relating to his claimed denial of medical attention and a wheelchair. We affirmed, noting that the defendants had "presented reports documenting [Salley's] numerous exams," while Salley had "not produced any medical evidence to counter" the defendants' evidence. Salley v. PA Dep't of Corr., 181 F. App'x 258, 265 (3d Cir. 2006) (not precedential).

On September 20, 2013, more than ten years after the Magistrate Judge entered final judgment, Salley filed a "Motion for Relief From Judgment and Request For a New Trial" pursuant to Federal Rule of Civil Procedure 60(b).[2] Salley states that on May 1, 2013, he received medical records from SCI-Houtzdale that support his position regarding his medical condition and his inability to walk. In his motion, Salley argues that "extraordinary circumstances" prohibited him from "presenting [this] factual medical evidence" at trial. Salley claims that this medical evidence would rebut the finding by the trial court that Salley had failed to present medical evidence to counter the defendants' expert medical testimony. Salley further argues that his trial counsel had failed to obtain this medical evidence and had abandoned him on appeal.

---

[2] Salley's motion was docketed as a new complaint, and the case was given a new docket number, under which this case now proceeds. In a report and recommendation, the Magistrate Judge interpreted Salley's motion as raising a new 42 U.S.C. § 1983 claim. However, the District Court reviewed Salley's filing and concluded that it was a motion

The District Court construed Salley's filing as a motion for relief from final judgment pursuant to Rule 60(b), and dismissed it as untimely. Salley timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of relief under Federal Rule of Civil Procedure 60(b), with the exception of claims raised under 60(b)(4), for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

## III.

We agree with the District Court that Salley's September 20, 2013 filing is a Rule 60(b) motion seeking relief from the final judgment issued on June 8, 2003, and not a new 42 U.S.C. § 1983 complaint. Salley's argument regarding his newly acquired medical records is properly brought under Federal Rule of Civil Procedure 60(b)(2), which permits a court to relieve a party from final judgment when the party offers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." A motion for relief from judgment under Rule 60(b)(2) "must be made…no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Salley filed his motion more than a decade after final judgment in this matter; his motion is, therefore, untimely.

seeking Rule 60(b) relief from the final judgment issued in the matter at Doc No. 99-00606.

4

Nor can Salley find relief under Rule 60(b)(6) by claiming that "extraordinary circumstances" exist requiring the District Court to consider the medical evidence he now offers. We have previously held that Rule 60(b)(6) cannot be used "as a means by which the time limitations of 60(b)(1-3) may be circumvented." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). Moreover, Rule 60(c)(1) requires that a Rule 60(b)(6) motion must be filed "within a reasonable time." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion filed "almost two years" after the final judgment was not within a reasonable time). Salley filed his motion on September 20, 2013, more than ten years after the final judgment entered on June 8, 2003, and, despite referring to "extraordinary circumstances," fails to offer any explanation for this ten year delay. Accordingly, inasmuch as Salley seeks relief pursuant to Rule 60(b)(6), the motion was not filed "within a reasonable time."

Because we find that the District Court did not abuse its discretion in denying the Rule 60(b) motion, we will summarily affirm the judgment of the District Court.

5