**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1659
_____

FELDON BUSH, SR.,
                                              Appellant

v.

CITY OF PHILADELPHIA; P/O TERRY FLOWERS; P/O MARY PAWLOWSKI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-09-cv-03852)
District Judge:  Honorable John P. Fullam

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2011
Before:  FUENTES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: October 11, 2011)
_____

OPINION
_____

PER CURIAM

       Feldon Bush, Sr., a Pennsylvania prisoner proceeding pro se, appeals a judgment

entered in favor of City of Philadelphia Police Officers Terry Flowers and Mary

Pawlowski after a jury trial in the United States District Court for the Eastern District of

Pennsylvania.  For the reasons that follow, we will affirm the judgment of the District

Court.

Bush, through counsel, filed a complaint in District Court pursuant to 42 U.S.C. § 1983 alleging that Officer Flowers assaulted him during a traffic stop in Philadelphia and that Officer Pawlowski watched the assault and failed to intervene. Bush further alleged that he told Flowers he intended to file a civil rights action. Bush averred that Flowers and Pawlowski then gave false statements which resulted in Bush's arrest for various crimes, including aggravated assault. Bush stated that these charges were ultimately dismissed.

Bush claimed violations of his federal constitutional rights based on the alleged use of excessive force, his unlawful arrest, and malicious prosecution. Bush also brought claims against Flowers and Pawloski under state law. After a two-day trial, the jury returned a verdict in favor of Officers Flowers and Pawlowski.[1] This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Bush argues on appeal that he should be afforded a new trial because he received ineffective assistance of counsel. He asserts that counsel gave an inadequate opening statement, failed to introduce the officers' internal affairs files at trial, and failed to adequately cross-examine the officers with prior inconsistent statements. Bush further asserts that counsel failed to obtain the "radio audio version" of the events at issue, failed to challenge the use of his criminal record at trial, and failed to challenge the jury charge

---

[1] Bush had also raised claims against the City of Philadelphia, which was dismissed as a defendant by agreement of the parties.

2

as to the use of his criminal record. Bush also faults counsel for allowing him to appear in court in prison attire.

Unlike a criminal defendant, a civil litigant does not have a constitutional right to effective assistance of counsel. Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). We thus agree with Officers Flowers and Pawlowski that Bush's dissatisfaction with his counsel's performance does not provide a basis for a new trial.

Bush also argues that a new trial is warranted based on alleged trial court error, including the trial court's failure to instruct the jury regarding his attire and to adequately instruct the jury on the subject of witness credibility. Bush claims that the trial court's instructions were short and incoherent and that the court should have given a limiting instruction regarding the jury's use of his criminal record. In addition to his allegations of trial court error, Bush asserts that the jury's verdict is against of the weight of the evidence. In response, Officers Flowers and Pawlowski contend that Bush's failure to obtain the trial transcript precludes our review of these claims.

As recognized by Officers Flowers and Pawlowski, Rule 10(b) of the Federal Rules of Appellate Procedure requires an appellant to order a transcript of the parts of the District Court proceedings not already on file as the appellant considers necessary. Fed. R. App. P. 10(b)(1). Our local rules also require an appellant to order the transcript. 3d Cir. L.A.R. 11.1. Our local rules further provide that an appellant who cannot afford the cost of a transcript may file a motion for the provision of the transcript pursuant to 28 U.S.C. § 753(f). Id. A failure to comply with Rule 10(b), as well as Rule 11.1, is

grounds for dismissal of the appeal.  See id; Horner Equip. Int'l, Inc. v. Seascape Pool

Ctr., Inc., 884 F.2d 89, 90 n.2 (3d Cir. 1989) (addressing Rule 10(b)).

Bush has not ordered the trial transcript nor has he moved this Court or the District

Court for production of the transcript at the government's expense.  Absent the transcript,

we are unable to review the merits of his claims of trial court error regarding the jury's

instructions and his claim that the weight of the evidence does not support the jury's

verdict.  To the extent Bush contends in his reply brief that this Court and Flowers and

Pawlowski can refer to the original record to assess his claims, it is the absence of the

trial transcript from the original record that precludes appellate review.  We thus agree

with Flowers and Pawlowski that Bush's failure to obtain the trial transcript renders his

remaining claims unreviewable.[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2]Even if Bush were to move for production of the transcripts at the government's
expense, we would deny such a motion.  See 28 U.S.C. § 753(f) (requiring appellant
seeking transcripts at the government's expense to show that the appeal is not frivolous
but presents a substantial question).  It is not clear that Bush raised his claims of trial
court error in District Court and his reply brief, which sets forth standards that apply
where a litigant has not objected to jury instructions, suggests the contrary.  Even if
preserved, Bush's filings do not establish a substantial question as to the trial court's
instructions.  Similarly, while Bush asserts in his brief that the jury's verdict is against the
weight of the evidence, he has not discussed the evidence presented at trial or shown that
he preserved this claim for appellate review.