**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1246
_____

RODNEY BOOMER,
                    Appellant

v.

Sgt. HARRY LEWIS; POLICE OFFICERS JOHN DOE; JOHN DOE, U.S. Federal
Marshals; JOHN DOE, Doctor & Head RN; DAVID P. CHERUNDOLO, Attorney;
DONTE, Warden, Lackawanna County Jail; JOHN DOE, Doctor & Physician Assistant,
Pike County Jail; JANE DOE, Pike County Jail; POCONO MOUNTAIN REGIONAL
POLICE DEPARTMENT; PRIME CARE; Nurse Administrator PATTI BUNTING;
LT. CAPOS; RN BILL CHECHO; CHIEF DIRECTOR PRIME CARE; CHIEF OF U.S.
FEDERAL MARSHALS; CORRECTION OFFICER COLUMBIA; Sgt. DEMARCO;
Warden JANINE DONATE; DUSM B.J. FLATER; Nurse Administrator BARBRA
FOX; Correction Officer FORREST FRANCIS; Lt. GATTUSO; DUSM HOLST;
DUSM JENKINS; ER Dr. JOHN DOE of Mercy Hospital; RN KATHY; Lt.
KUMBURIS; Chief JOHN P. LAMBERTON; MS. LASTARZA; Warden CRAIG A.
LOWE; JEFFREY LUTZ; PIKE COUNTY JAIL; CSO POWELL; CHIEF OR
DIRECTOR PRIME CARE; MICHAEL RICE; MICHAEL E. ROBSON; Assistant
Warden ROMANCE; Correction Officer SCHWARTZ; DUSM SEWALL; Correctional
Officer SHAPPERT; DANIEL SMELAS; DR. WILLIAM SPRAGUE; RICHELLO
STAPLETON; RN SUSIN; Lt. WALSH; Sgt. FRANK YAUORASKI; Dr. ZAGATO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:06-cv-00850)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2013
Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 26, 2013)
_____

OPINION
_____

PER CURIAM

We write primarily for the parties, who are familiar with the background of this case, so we will discuss the facts only as they are necessary to our analysis.[1] In short, Rodney Boomer sued more than 35 defendants relating to incidents that occurred at the time of his arrest, during a hospital visit, and during his imprisonment. After initial motions practice, several groups of defendants remained in the case – the Pocono Mountain Regional Police Department ("PMRPD") defendants;[2] the Lackawanna County Prison ("LCP") Medical defendants; LCP Officers; PrimeCare Medical, Inc., and its employees (who provided health care services at the Pike County Correctional Facility ("PCCF")); PCCF Nurses; and the other PCCF defendants. Each group filed a motion for summary judgment. A Magistrate Judge issued a lengthy report and recommendation, to which Boomer and some of the defendants objected. The District Court reviewed the matter in a lengthy opinion and granted judgment in favor of most of the defendants. The

_____

[1] A brief summary of Boomer's claims is as follows: (1) that he was denied adequate medical care for his epilepsy and injuries resulting from epileptic seizures; (2) that he was retaliated against for his legal activities; (3) that he was issued fabricated misconduct reports and criminal charges; (4) that he was assaulted; (5) that his attorney provided his confidential medical records to federal marshals; (6) that he was strapped in a restraint chair; (7) that he was forced to do tasks beyond his physical ability; and (8) that he was exposed to chemical agents that were sprayed near his cell.

[2] For convenience, we will use the nomenclature used by the District Court for each group of defendants.

District Court denied, in part, the other PCCF defendants' motion, slating for trial three claims relating to an incident that occurred in July 2006 (specifically, an excessive force claim against defendants Francis and Schappert, a claim arising from the use of a restraining chair brought against defendant Campos, and a retaliation claim against defendant Schappert). The District Court appointed counsel and presided over a jury trial. After the jury rendered its verdict, the District Court entered judgment in favor of the defendants, and against Boomer, on the final three claims.

Boomer appeals. He raises a challenge to the District Court's ruling on the summary judgment motions, arguing that the District Court should not have construed Local Rule of Court 56.1 Statements of Material Facts as undisputed because Boomer did not specifically respond to them. He explains that he relied on his verified second amended complaint and exhibits he submitted to oppose the motions. Boomer contends that a review of his filings will show that the District Court erred in granting the motions for summary judgment.[3] Also, in regards to the jury verdict, he maintains that he should have been provided with video surveillance of the July 2006 incident to use at trial and objects to, or wishes to counter, testimony provided by witnesses at his trial.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Preliminarily, we consider the other PCCF defendants' argument that we should dismiss Boomer's appeal that relates to the jury verdict because he did not provide for a transcript in compliance with Local

---

[3] Although his informal brief is not a model of clarity, we do not agree with the defendants who state that Boomer waived all arguments on appeal. However, we conclude that all issues but those we list have been waived, including, as defendant

3

Appellate Rule 11.1. Although Defendants are correct that failure to comply with the transcript rule "constitutes grounds for dismissal of the appeal," 3d Cir. L.A.R. 11.1, a dismissal for a failure to comply with a procedural rule is disfavored. See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989). Upon weighing the relevant factors, including the willfulness of the rule violation and the prejudice suffered by the opposing party,[4] see id., we decide not to dismiss the appeal or impose sanctions; instead, we will consider Boomer's appeal on the merits.

As for Boomer's argument that he should have been provided the video surveillance, we first note that Boomer's efforts to obtain the tapes ultimately resulted in the District Court's ordering the defendants to provide "all surveillance tapes regarding the incident of July 7, 2006." Order of May 30, 2012 (ECF No. 651). Although Boomer later requested a trial continuance on the basis that he needed further discovery, at that point, counsel for the defendants represented that "all existing discovery materials have been produced." Order of Jan. 8, 2013 (ECF No. 671); see also Letter of Nov. 28, 2012 (ECF No. 669) ("[I]t has been represented to the Court that Remaining Defendants have produced the surveillance tapes . . . subject to the Order[] issued . . . on May 30, 2012.")

---

Maritato asserts, any challenge to the order granting his motion to dismiss.

[4]In particular, we note that Boomer did make an attempt to obtain the transcript, ECF No. 697, albeit not within 14 days after filing his notice of appeal and without depositing the estimated cost or explicitly seeking to have it provided without charge. No one in the District Court ever responded to his request. Also, we note that the defendants suffered minimal prejudice in defending the appeal, as Boomer's issues are not strictly based on the transcript (for instance, his main "trial" claim is a claim about discovery that predated the trial).

Furthermore, Boomer, himself, stated that at least some of the incident was out of "the sight of the housing unit security cameras." See, e.g., "Motion requesting new appointment of counsel . . . ." at ¶ 6 (ECF No. 245). For these reasons, we conclude that his claim that he was not provided with available videotapes is without merit.

We also reject Boomer's other claims related to the trial. Essentially, he points out (albeit without providing the transcript) testimony that he believes is "strange" or false. However, it is for the jury to determine the credibility of witnesses. United States v. Boone, 279 F.3d 163, 189 (3d Cir. 2002). Even if a witness contradicts or alters his or her testimony, the testimony still can be sufficient to establish a point. See id.

We turn to Boomer's objections to the grant of summary judgment. District courts must be careful that their application of local rules governing the grant of summary judgment remains consistent with the provisions of federal rules and the dictates of the Supreme Court. See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). However, in this case, application of Local Rule of Court 56.1 or no, the District Court properly granted summary judgment in favor of the other defendants because there was no genuine issue of material fact remaining for trial. See Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001) (explaining that our review is plenary and that we apply the same standard that the District Court applies); see also Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

We have reviewed the record, including Boomer's verified complaint and exhibits[5] (and the hundreds of pages that Boomer requested that we consider, see, e.g., Informal Brief at 8, even though they were not filed in response to the summary judgment motions in question and which the District Court had no obligation to sift through in deciding those motions, cf. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")). Upon review, and for the reasons given in the Magistrate Judge's report and the District Court's opinion, we agree with the District Court that Boomer did not show more than a disagreement about his course of treatment in relation to the LCP Medical defendants. Such mere disagreement, of course, is not an actionable constitutional violation. See Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

There was no genuine issue of material fact relating to whether Boomer showed an actionable constitutional violation against the other LCP defendants, either, for the reasons given by the Magistrate Judge and the District Court, at times with reference to Boomer's deposition testimony. See, e.g., Sandin v. Conner, 515 U.S. 472, 484 (1995) (explaining that state-created interests are generally limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (explaining that a non-medical defendant cannot be considered deliberately indifferent for failing to respond directly to the medical complaints of a prisoner already under the care

_____

[5] We note that the District Court also considered Boomer's verified complaint and its

6

of a prison doctor); see also, e.g., ECF No. 454-2 at 23 (Boomer dep.) (conceding that he was not injured when he was removed from the hospital and stating that the correctional officer "was just doing his job").

Regarding the PMRPD defendants, we agree with the District Court that summary judgment in favor of defendant Lamberton was proper. See C.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000) ("[A] defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."). Also, the rest of the PMRPD defendants could not be held liable for deliberate indifference to serious medical needs where it is undisputed that the defendants promptly called an ambulance when Boomer (who has a seizure disorder) had a seizure and where it was undisputed that they did not interfere with his treatment by paramedics. We also agree with the District Court's resolution of the "handcuff claim" based on how it was presented in this case.

We also conclude that summary judgment in favor of PrimeCare Medical, Inc., and its employees was proper. As the District Court noted, Boomer has a medical condition for which he needs care and included claims about delays and difficulties in receiving treatment. Some of his claims, like his disagreement with the medical judgment about his ability to perform physical tasks, are clearly not bases for suit. See Monmouth Cnty. Corr. Inst'l Inmates, 834 F.2d at 346. Similarly, whether or not Boomer was hoarding medicine, the requirement that he take his medication in crushed

exhibits.

form instead of other forms is a dispute about a treatment decision that is not actionable as a constitutional violation in this case. See id. What is undisputed is that he received medication. Also, the defendants put forth evidence, which Boomer did not controvert, regarding his many visits to outside specialists. Without repeating the entire analysis but while noting the Magistrate Judge's and District Court's statements about the need for further evidence or an expert's opinion about the effect of any delays in referrals to specialists and the like, we conclude that summary judgment in favor of PrimeCare Medical, Inc., and its employees was proper on the record.

Boomer claimed that the PCCF Nurses were deliberately indifferent to his serious medical needs by, inter alia, denying him proper treatment, allowing his move to a housing unit far from the medical station, clearing him for physical activities beyond his capacity, and crushing his medications. However, Boomer, himself, in his verified complaint, describes medical treatment he received from these defendants. And the defendants provided evidence about the medical attention Boomer received. Although there may be evidence of a dispute between Boomer and defendants as to what treatment was appropriate, there is not evidence in the record from which a reasonable trier of fact could conclude that the defendants were deliberately indifferent.[6] Accordingly, and for

---

[6] Also, as the PCCF Nurses point out in their brief, there is a limit to what treatment they are allowed to provide under Pennsylvania's Professional Nursing Law, 63 P.S. § 211 et seq. See, e.g., 63 P.S. § 212(1) (disallowing "medical diagnosis or prescription of medical therapeutic or corrective measures").

the reasons given in the District Court, judgment in favor of the PCCF Nurses was proper, too.

The District Court also properly granted judgment in favor of the other PCCF defendants on the claims that did not go to trial. PCCF, itself, to the extent Boomer was suing the facility, is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Furthermore, as to the claims against the other defendants, the defendants, in assigning Boomer a housing unit or a task or in shackling him in an ordinary manner, were not obligated to second-guess the medical judgments of those whose care Boomer was under.[7] Cf. Durmer, 991 F.2d at 69. Also, and for the reasons the District Court set forth in greater detail, there is not a genuine issue of material fact regarding the other deliberate indifference claims in light of the evidence that Boomer got medical care, including medications, treatment by prison medical staff, and visits to outside specialists. See, e.g., Monmouth Cnty. Corr. Inst'l Inmates, 834 F.2d at 346. Mere verbal harassment or abuse is not a civil rights violation. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). The claim against defendant Francis about the spitting incident failed in light of Boomer's guilty plea regarding that incident. The due process claims regarding Boomer's disciplinary confinement fail for the reasons given by the District Court. Also, although Boomer believes that a chemical agent used

---

[7] We also note that when medical restrictions were imposed on Boomer's duties, he was no longer obligated to perform them.

9

near his cell twice triggered seizures, he did not controvert the defendants' evidence that they did not know that there was a risk of harm to him from using that agent.

For the reasons we have discussed, as well as those relied on by the District Court, we hold that the District Court properly granted the defendants' motions for summary judgment. Also, as we explained above, Boomer's claims about the trial and jury verdict are without merit. For these reasons, we will affirm the District Court's judgment.[8]

---

[8] The PCCF Nurses, the other PCCF defendants, and defendant Gerard Maritato filed motions to supplement the appendix. We grant their motions.