**HORNER EQUIPMENT INTERNATIONAL, INC., Appellee,**

v.

**SEASCAPE POOL CENTER, INC. and Robert J. Heym, Appellants.**

No. 88–3326.

United States Court of Appeals, Third Circuit.

Argued April 25, 1989.

Decided Aug. 25, 1989.

Scott A. Burton (argued), Law Offices of Wilfredo A. Geigel, Christiansted, St. Croix, U.S. Virgin Islands, for appellants.

Eddy Rivera (argued), Christiansted, St. Croix, U.S. Virgin Islands, for appellee.

Before HUTCHINSON, COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

Seascape Pool Center, Inc. (Seascape) and Robert J. Heym (Heym) appeal two orders of the District Court of the Virgin Islands, Appellate Division (appellate division). One dismissed their appeal from an order of the Territorial Court of the Virgin Islands,[1] and the other denied their motion for reconsideration. In both orders, the appellate division stated that its action was based on Seascape and Heym's failure to pay for the territorial court trial transcript, despite repeated requests to do so.

Seascape and Heym contend the appellate division abused the discretion Federal Rule of Appellate Procedure 3(a) gives it to dismiss appeals for lack of prosecution. We are unable to tell from this record whether the appellate division exercised its discretion under Rule 3(a) or instead relied on the arguably mandatory provisions of certain directives on transcripts that the district court's former chief judge and the court clerk issued to the bar.

We conclude that these directives cannot substitute mandatory dismissal for exercise of the discretion which Rule 3(a) requires before the sanction of dismissal is imposed for failure to comply with the requirements of Federal Rule of Appellate Procedure 10(b) relating to transcripts. Therefore, we will vacate the order dismissing Seascape and Heym's appeal and remand to the appellate division for further proceedings consistent with this opinion.

### II.

We have appellate jurisdiction over the appellate division's orders dismissing Seascape and Heym's appeal and denying their motion for reconsideration under 28 U.S.C.A. § 1291 (West Supp.1989). Seascape and Heym had filed a timely appeal to the appellate division from the territorial court's order denying their Federal Rule of Civil Procedure 60(b) motion for reconsideration of the judgment against them.[2] We review the appellate division's order dismissing Seascape and Heym's appeal from the territorial court for failure to comply with the provisions of Rule 10(b) and its order denying their motion for reconsideration for abuse of discretion.

### III.

Horner began a debt collection action against Seascape in May, 1986 in the terri-

---

1. The territorial court's order had denied Seascape and Heym's Federal Rule of Civil Procedure 60(b) motion for reconsideration of a money judgment against them in this action by Horner Equipment International, Inc.'s (Horner) action to collect a debt.

2. Seascape and Heym's failure to comply with any requirement about procuring a transcript does not affect their appeal's validity, but is "ground only for such action as the Court ... deems appropriate, which may include dismissal of the appeal." Fed.R.App.P. 3(a).

torial court. After a bench trial, that court entered judgment for Horner on April 1, 1987. Seascape and Heym filed motions for relief from the judgment, pursuant to Federal Rule of Civil Procedure 60(b)(2), on April 27, 1987.[3] The trial court denied these motions on September 28, 1987. Seascape and Heym then filed a notice of appeal with the appellate division on October 23, 1987. The notice stated that they appealed from both "the Judgment entered against them and this Court's Order of September 23, 1987."[4] Joint Appendix (J.A.) at 5.

By letter dated December 1, 1987, the clerk of the district court informed Seascape and Heym that their appeal had been docketed that day. The clerk reminded them of their obligation, pursuant to Federal Rule of Appellate Procedure 3(e),[5] to pay a docket fee by December 8 and, pursuant to Rule 10(b),[6] to order the portions of the trial transcript relevant to the issues on appeal. The letter stated: "If you have not already done so, you should order the trial transcript within five (5) days of the date of this letter." *Id.* at 7. Thereafter, Seascape and Heym requested a trial tran-

script by letter dated December 7, 1987. *Id.* at 8.[7]

By its order dated February 24, 1988, the appellate division dismissed the appeal for failure to timely prosecute pursuant to Rule 3(a).[8] *Id.* at 9. Seascape and Heym filed a motion for reconsideration the following day, asserting that their December 7 transcript request satisfied Rule 10(b). *Id.* at 10–11.

On March 18, 1988, the appellate division vacated its February 24 order and instead dismissed the appeal because the "appellants filed an untimely notice of appeal." *Id.* at 18. The court noted that final judgment was entered on April 1, 1987 and that notice of appeal should have been filed within thirty days of that date because the time for filing an appeal from the judgment was not tolled by their Rule 60(b) motion for reconsideration. *Id.* at 19. Seascape and Heym then filed a motion for reconsideration on March 24, 1988, conceding that their October 23 notice of appeal was untimely with respect to the April 1 judgment, but pointing out that they also specifically appealed from the territorial court's September 28 denial of their Rule 60(b) motion for relief from that judgment.

---

3. Seascape and Heym sought relief from the territorial court judgment on the basis of evidence they claimed was newly discovered.

4. The appellate division of the district court follows the Federal Rules of Appellate Procedure. V.I.Code Ann. tit. 5, app. V, rule 20.15 (Supp.1988). Rule 3(a) requires that a notice of appeal be filed "within the time allowed by Rule 4." Rule 4(a)(1) states in part:
   In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.
As Seascape later conceded, its notice filed on October 23, 1987, was untimely with respect to the trial court's April 1 entry of judgment. Joint Appendix (J.A.) at 21.

5. That rule states:
   **Payment of Fees.** Upon the filing of any separate or joint notice of appeal from the district court, the appellant shall pay to the clerk of the district court such fees as are established by statute, and also the docket fee prescribed by the Judicial Conference of the

United States, the latter to be received by the clerk of the district on behalf of the court of appeals.

6. Rule 10(b)(1) states in part:
   Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary, subject to local rules of the courts of appeals. The order shall be in writing and within the same period a copy shall be filed with the clerk of the district court.
   Seascape and Heym did not order a transcript within ten days of filing the notice of appeal, but because of the delay in docketing, the clerk did not start the clock on ordering the transcript until docketing. The parties do not question that extension, nor will we.

7. The transcript request was timely according to the counting procedures of Federal Rule of Appellate Procedure 26(a).

8. In the event of an untimely notice of appeal, Rule 3(a) allows "such action as the court of appeals deems appropriate, which may include dismissal of the appeal."

*Id.* at 21–22.[9]

Thereafter, on April 18, 1988, the appellate division vacated its March 18 order dismissing the appeal as untimely, but reinstated its February 24 order dismissing it for failure to prosecute. It also denied Seascape's motion to reconsider the first order, stating:

Upon consideration of the two motions of appellants, Seascape Pool Center, Inc. and Robert J. Heym, for reconsideration of the Court's Order of February 24, 1988 which dismissed this matter for failure to timely prosecute, and for reconsideration of the Order of March 18, 1988 which vacated the earlier Order, but again dismissed this matter, for lack of jurisdiction.

IT IS ORDERED that the Order of this Court dated March 18, 1988 be, and the same is, hereby VACATED, thereby reinstating the Order of February 24, 1988; and it is

FURTHER ORDERED the motion of appellants for reconsideration of the Order of February 24, 1988 be, and the same is, hereby DENIED *because of appellants' failure to pay for certain portions of the trial transcript inspite [sic] of repeated requests from the Court to do so.*

*Id.* at 23 (emphasis added).

Seascape and Heym filed another motion for reconsideration on April 27, 1988. *Id.* at 25. Attached to that motion was an affidavit of counsel dated April 27, 1988, stating that he had ordered a transcript on December 7, 1987 but had never received it, "nor any request by the District Court, either in writing or telephonically, for payment." *Id.* at 27. The appellate division denied this motion on May 4, 1988. The order read:

It appearing to the Court that the clerk's office repeatedly requested that counsel for appellants pay for the trial transcript and that counsel ignored these requests,

IT IS ORDERED that the motion of appellants, Seascape Pool Center, Inc. and Robert J. Heym, for reconsideration of this Court's Order, dated April 18, 1988, be, and the same is, hereby DENIED.

*Id.* at 29.[10] Seascape and Heym then appealed the appellate division's April 18 and May 4 orders to this Court on May 18, 1988. *Id.* at 1.

### IV.

The record in this case is insufficient to support an order imposing the sanction of dismissal for failure to comply with the provisions of Rule 10(b) concerning an appellant's responsibilities with respect to trial transcripts. Under Rule 10(b), it is, of course, plain that Seascape and Heym had a duty to make satisfactory arrangements to pay the reporter when they ordered the transcript on December 7, 1987 and that the appellate division has discretion to impose sanctions if they did not do so. As Professor Moore states:

Under Rule 10(b), the Appellant must order the transcript from the reporter, if one is to be ordered. The order must be in writing and at the time of ordering he must make satisfactory arrangements with the reporter for paying the cost of the transcript. If he does this within 10 days after the filing of the Notice of Appeal he has done his duty with respect to the preparation of the transcript.

9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 211.07 (2d ed. 1989) [hereinafter *Moore's Federal Practice*]. However, on the present record we cannot tell what arrangements they made, if any.[11]

---

**9.** In this posture, an appellate court cannot reach the merits of the underlying judgment unless it first determines that the trial court has abused its discretion to deny reconsideration under Rule 60(b).

**10.** The "repeated requests" the April 18 and May 4 orders refer to do not appear in the record.

**11.** At oral argument counsel for Seascape and Heym represented to this Court that the practice in ordering transcripts in the territorial court is to order them from the stenographer, who then in "due course" furnishes an estimate of the cost. They also represented that they had made three inquiries about the transcript directly to the stenographer before the district court dis-

Dismissal of an appeal for failure to comply with procedural rules is not favored, although Rule 3(a) does authorize it in the exercise of a sound discretion. That discretion should be sparingly used unless the party who suffers it has had an opportunity to cure the default and failed to do so. Moreover, before dismissing an appeal, we believe that a court should consider and weigh such factors as whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default. *Accord Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984) (discussing factors to be considered before district court can dismiss action under Federal Rule of Civil Procedure 37(b) for failing to comply with the rules on discovery).

This record does not show that the district court considered any of these factors, except the alleged willfulness of counsel in failing to make arrangements with the stenographer for payment after being advised to do so. Unfortunately, the record does not show any such requests and appellants' counsel has filed an affidavit disputing receipt of any specific requests from the court that he pay the stenographer.

In ordering dismissal, the chief judge of the district court may have relied on the Guidelines for Ordering Transcripts that the district court clerk issued on July 1, 1987 (July 1 guidelines).[12] The July 1 guidelines and the district court's earlier directives on that subject may have been intended to put counsel practicing in the district court's appellate division on notice that failure to make satisfactory payment arrangements with the territorial court stenographer when ordering transcripts would result in sanctions as severe as dismissal.[13] Nevertheless, they are an ineffective substitute for exercise of the discretion the Federal Rules of Appellate Procedure require and do not, in and of themselves, establish willful disregard of an appellant's duty under Rule 10(b)(4) to provide a transcript.

The July 1 guidelines, unlike an earlier April 29, 1986 memorandum to the Virgin Islands Bar from then-Chief Judge Christian on the same subject,[14] do not expressly apply to transcripts of proceedings in the territorial court. Moreover, the July 1 guidelines state: "Kindly *disregard* all previously issued guidelines, regardless of their source." Appellee's Third Exhibit at 1 (emphasis in original). The July 1 guidelines direct persons ordering transcripts to do so through the clerk, not through the reporter. *Id.* They also require an accompanying check made payable to the stenographer to cover the estimate the appellant is supposed to have previously gotten from the stenographer. *Id.* at 3–4.

Thus, while the July 1 guidelines require that transcripts be ordered through the district court clerk, they do not specify how this is to work in practice when territorial court stenographers are involved. They also leave the determination of the estimated amount due in advance to the stenographer and appeal counsel. In addition, unlike the clerk's even earlier memo of August 2, 1985 to the Virgin Islands Bar on the same subject,[15] they do not state that failure to serve a transcript order accompanied by payment within ten days "will result in dismissal." [16] The July 1 guidelines contain no reference to sanctions at all.

missed their appeal but received no estimate, bill or transcript. While these representations are thus far uncontradicted, we do not rely on them to reach our result, nor could we, as those representations do not appear as part of the record.

12. Appellee's Third Exhibit filed per panel's order dated March 7, 1989 granting appellee's motion to supplement the appendix.

13. See V.I.Code Ann. tit. 5, app. IV, rule 7 (1982), which states in relevant part that "practice and procedure in the territorial court shall conform as nearly as possible to that in the district court in like causes."

14. Appellee's Exhibit B at 2, ¶ V.

15. Appellee's Exhibit A.

16. Former Chief Judge Christian's April 29, 1986 memo on the subject softened this mandatory sanction to a discretionary one. *See* Appellee's Exhibit B at 2.

Under such circumstances, we believe a finding of willful violation of Seascape and Heym's duty to make satisfactory arrangements to pay for a transcript must be otherwise supported in the record.

In so ruling, we are not unaware of our decision in *Smith v. Oelenschlager*, 845 F.2d 1182 (3d Cir.1988). There we held that an order based on Local Rule 20(e) of the United States District Court for the Eastern District of Pennsylvania, which provides for mandatory dismissal of a motion for a new trial upon failure to timely follow the procedure regarding transcripts, was not an abuse of discretion.[17] Both the July 1 guidelines and Local Rule 20(e) appear to be concerned with trial transcripts that the district court needs to decide posttrial motions. The guidelines do not expressly apply to transcripts of territorial court proceedings needed in appeals from the territorial court to the appellate division of the district court. In addition, this case is distinguishable from *Smith*. The July 1 guidelines, unlike Local Rule 20(e), do not expressly state that failure to follow them will, in and of itself, lead to dismissal. More importantly, the present record does not show that the July 1 guidelines were adopted in accordance with the requirements of local rulemaking.[18] For these reasons, *Smith* is not controlling.

■ Although this record does not show that Seascape and Heym had the benefit of the considered discretion to which Rule 3(a) entitles them before an order is entered dismissing their appeal for not complying with Rule 10(b)(4), we hasten to add that they are not necessarily entitled to a favorable exercise of that discretion. *See Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 406–07 (3d Cir.1980) (appeal dismissed because appendix did not conform to rules of this Court). Rule 10(b)(4)'s requirement that an appellant must make satisfactory arrangements for payment with the stenographer is a command, not a wish.[19] It is up to Seascape and Heym, not the court or the stenographer, to show compliance.

An affidavit stating that Seascape and Heym were not asked to pay or that they relied on customary practice without proof that the stenographer was satisfied with that practice is not sufficient to show compliance. A showing, by affidavit or otherwise, that they made a reasonable offer of payment before ordering the transcript and that the stenographer was satisfied with that offer might be sufficient. At the very least, Seascape and Heym would be required to show that they asked the stenographer to give them an estimate of the cost and that they stood ready to pay it forthwith. If they can make such a showing, and if it also appears that the stenographer has failed to give them an estimate, they would then be in a position to move for an order requiring the stenographer to promptly furnish the estimate and, upon its equally prompt payment, to prepare and file the transcript. It is the responsibility of Seascape and Heym, not the court or the

---

**17.** Local Rule 20(e) provides:

Within ten (10) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Coordinator, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from obtaining a transcript, the post-trial motion must be dismissed for lack of prosecution.

**18.** Rule 20.15, *supra* note 4, gives the appellate division of the district court the authority to adopt "such local rules as experience determines to be necessary and appropriate." Promulgation of such local rules, however, is governed by Fed.R.Civ.P. 83 or Fed.R.App.P. 47, both of which require a majority of the active judges on a particular court to approve any

rules governing practice before that court. They also require that copies of such rules be furnished to the Administrative Office of the United States Courts. In addition, Fed.R.Civ.P. 83 requires that "appropriate public notice and an opportunity for comment" be given before such rules go into effect. V.I.Code Ann. tit. 5, app. I, rule 83 (Supp.1988). Fed.R.App.P. 47 did not require public notice and comments at the time. But see 28 U.S.C.A. § 2071 (West Supp. 1989), which recently was amended to require public notice with respect to local appellate rules promulgated after December 1, 1988.

**19.** Rule 10(b)(4) provides:

At the time of ordering, a party *must* make satisfactory arrangements with the reporter for payment of the cost of the transcript. (Emphasis added.)

clerk, to impose upon the stenographer a legally enforceable duty to provide the transcript.[20]

Disposition of this appeal on its merits has been too long delayed. Upon remand, Seascape and Heym may wish to consider promptly filing a motion for an order requiring the stenographer to prepare the necessary transcript. Perhaps they could support that motion with facts, by affidavit or otherwise, sufficient to show that they or their counsel have taken all the steps necessary to impose upon the stenographer a duty to act. If such a motion is filed and so supported, the appellate division could decide that Seascape and Heym have done their duty under Rule 10(b)(4) and take steps to see that the stenographer does hers. Otherwise, the appellate division would be free, upon remand, to exercise its discretion under Rule 3(a) in favor of dismissing Seascape and Heym's appeal for their failure to comply with Rule 10(b).

### V.

We will vacate the appellate division's order dismissing Seascape and Heym's appeal for failure to prosecute and remand for further proceedings consistent with this opinion.

---

**20.** As Professor Moore states:

Once an order [for a transcript] is placed and satisfactory financial arrangements have been made, normally prepayment of the estimated costs and an undertaking to pay the balance, the reporter has a statutory duty to provide the transcript to the party ordering it and a certified copy of the check.

*Moore's Federal Practice, supra,* at ¶ 211.07.