

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# Totton v. Keller

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Totton v. Keller" (2006). *2006 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS:  05-4411, 05-4465
(consolidated)

ADRIAN KEITH TOTTON, SR.,
Appellant

v.

CHARLES A. KELLER; OFFICER TERRY WELAND;
TWO UNNAMED HARRISBURG POLICE OFFICERS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00730)
Magistrate Judge:  Honorable J. Andrew Smyser
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 11, 2006
Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT JUDGES</u>
(Filed: November 8, 2006)
_____

OPINION
_____

PER CURIAM

These consolidated appeals arise from a ruling in favor of State Police Defendants

after a non-jury trial, in which Appellant Adrian Totton alleged the use of excessive force

during the booking of a criminal defendant on an outstanding warrant.  Totton has

proceeded <u>pro se</u> since the inception of this litigation, and he continues to do so on

appeal. Although we have not been provided the trial transcripts, for the reasons that follow, we will affirm.

**I.**

In February 2003, Officer Weland,[1] came across Totton walking along a Harrisburg street. Weland discovered that Totton was wanted on outstanding warrants. Weland informed Totton of the situation, put him in handcuffs, and placed him under arrest. When they reached the station, Weland escorted Totton to the booking area. Totton alleged that during his booking, Weland walked over to him and attempted to grab him in some manner. Totton moved away and said "what's your problem." Totton alleged that Weland then unexpectedly kneed him in the stomach even though he was still handcuffed. Totton alleged that when he leaned forward in pain, another officer jumped on his back and together, the police took him to the floor. Totton claimed that Weland then punched him and pushed his head into the floor while making racist comments and physical threats. The incident allegedly left Totton with a chipped tooth, split lip, injured neck, back, and wrists, and tattered clothes.

Officer Weland told a slightly different story. He claimed that although Totton was cooperative during the initial arrest, he became combative in the cruiser, butting his head against the plexiglass. Totton was also apparently drunk. Weland stated he

---

[1] We are unsure whether Respondent's name is Wealand or Weland. Although Totton consistently spells the Officer's name without the "a", his own counsel uses the spellings interchangeably. For purposes of consistency, we use "Weland."

attempted to inventory Totton's hat at the police states. Totton refused to give it up and took a defensive position, as if readying for a fight. Another officer confirmed this account. At that point, several officers used "empty-handed control measures" to wrestle Totton to the floor in order to regain control. They claimed that at no point did they hit, knee, push, kick, or punch Totten in any way. He was, however, eventually subdued and placed in a cell.

In April 2004, Totton filed a complaint pursuant to 42 U.S.C. § 1983 against Charles Keller, the Harrisburg Chief of Police, Officer Weland, and two unnamed officers. The parties agreed to proceed before a Magistrate Judge. The Magistrate Judge dismissed the two unnamed officers for lack of service. After nearly a year of litigation, the Magistrate Judge scheduled a bench trial. Totton filed a motion requesting a jury trial, but the District Court denied the request as untimely. After a one-day trial, the Magistrate Judge issued two rulings in favor of Keller and Weland respectively. Specifically, it analyzed Totton's excessive force claim under the Fourth Amendment and concluded that although "other less forceful measures" could have been employed, the officers' conduct was not unreasonable.

Totton filed an initial appeal in an attempt to preserve his appellate rights. Five days later, he filed a second notice of appeal, this time specifying the dates of the appealed from orders. Both appeals were timely and each was docketed here separately. While the appeals were pending, Totton filed a letter in the District Court dated September 29, 2005, seeking information on how to obtain transcripts of the trial. The

3

District Court directed him to pay the court reporter. Ten calendar days later, he filed a

letter in which he asks the court to provide him with transcripts. The District Court again

responded that he could pay the reporter. Totton also filed other post-trial motions, all of

which were denied. On June 29, 2006, Totton again filed a motion for a transcription of

the record. Without opinion, the Magistrate Judge denied the motion, as well as a number

of other pending motions.

## II.

We begin by addressing the Appellees' argument that the appeal should be

dismissed for Totton's failure to file a transcript pursuant to Federal Rules of Appellate

Procedure 10(b) and 3(a)(2). Rule 10(b) requires an appellant to order a transcript of the

parts of the District Court proceedings that the appellant considers necessary. Fed. R.

App. P. 10(b)(1). When the Rule is not followed, we have recognized that Rule 3(a)(2)

permits "the court of appeals to act as it considers appropriate, including dismissing the

appeal." Fed. R. App. P. 3(a)(2); see Horner Equip. Intern., Inc. v. Seascape Pool Ctr.,

Inc., 884 F.2d 89, 92-93 (3d Cir. 1989).

We will first examine whether any of Totton's arguments on appeal can be

assessed without a transcript. We construe his brief as raising two arguments, (1) that the

Magistrate Judge made an improper ruling with respect to the arrest warrant; and (2) that

the Magistrate Judge applied the incorrect law in assessing the facts.

Although our lack of transcripts prevents us from ascertaining precisely what

ruling Totton refers to in his first challenge, it is clear from his pleadings that not once did

4

he raise a false arrest claim prior to trial or any other claim for which the validity of the arrest warrant would have relevance. His pleadings up to and even after trial deal almost exclusively with his excessive force claim. As a general rule, a claim that is not raised in the pleadings or properly introduced through an amendment is forfeited. See Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641-42 (3d Cir. 1993). An exception applies when the parties either expressly or implicitly consent to present an issue at trial. See Fed. R. Civ. P. 15(b). Here, Totten admits that the Appellees objected to the admission of evidence relating to a false arrest or an invalid warrant claim at trial. Indeed, even in the Magistrate Judge's findings of fact, there is not one mention of evidence relating to a warrant or Totton's initial arrest. Thus, even without the assistance of the transcript, we conclude that the claim was not properly raised. It is now forfeited for the purposes of appeal.

Totton's second claim is purely legal. Totton argues that the Court incorrectly applied the Fourth Amendment's "objectively unreasonable" excessive force standard. See Graham v. Connor, 490 F.3d 386, 397 (3d Cir. 1989).[2] Under Graham, the reasonableness standard applies only to claims of excessive force during an arrest. See id. at 395 n.10; Fuentes v. Wagner, 206 F.3d 335, 346-47 (3d Cir. 2000). The general guarantees of the Fourteenth Amendment apply to pre-trial detainees. See id. at 341-42;

---

[2] He also appears to argue that the District Court failed to address an Eighth Amendment claim. However, the Eighth Amendment is applicable only to post-trial offenders. See Whitley v. Albers, 475 U.S. 312, 318 (1986).

5

Riley v. Dorton, 115 F.3d 1159, 1161-67 (4th Cir. 1997) (analyzing a number of cases and concluding the Fourteenth Amendment applies to excessive force claims by pre-trial detainees). While we have never decided at what point an arrest ends and a pre-trial detention begins, we need not decide the issue here.

Assuming that Totton's argument is correct and the Magistrate Judge should have treated him as pre-trial detainee, Totton fails to meet the standard imposed under the Fourteenth Amendment. To prove a due process violation, the detainee must show that the force used amounts to a wanton infliction of punishment, as opposed to an amount "rationally related" to exercising control. See Fuentes, 206 F.3d at 342 (quoting Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)). Since Totton does not argue with the Magistrate Judge's factual conclusions, we find that under the circumstances presented, the Appellees' actions were "rationally related" to controlling Totton. Id..

For the foregoing reasons, we will not dismiss the appeal under Appellate Rule 10(b). Instead, we will affirm the order of the District Court.