**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4008
_____

MAURICE GOODEN,
                                        Appellant

v.

WARDEN ATLANTIC COUNTY JAIL; STEVEN IULIUCCI, S.I.D.; OFC. WILLIAM
PLATT; OFC. TIMOTHY KEATING; OFC. JOSEPH CONRAD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:07-cv-04716)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: June 13, 2014)

_____

OPINION
_____

PER CURIAM

Maurice Gooden appeals pro se from the judgment of no cause for action entered by the District Court following a jury trial in this civil rights action brought by Gooden under 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with this case's extensive procedural history, we discuss that history only to the extent needed to resolve this appeal. In 2007, Gooden commenced this action by filing a pro se complaint against five corrections officials from the Atlantic County Jail ("ACJ") in New Jersey. Gooden alleged that, on two occasions in 2006, he was attacked by some of the defendants while housed in the ACJ as a pretrial detainee. The defendants ultimately moved the District Court for summary judgment. In 2011, the District Court granted that motion with respect to two of the defendants — ACJ's warden and Sergeant Steven Iuliucci — but denied the motion with respect to Officers Conrad, Keating, and Platt ("Appellees").

In September 2013, Gooden's claims against Appellees were tried before a jury.[1] At the end of the trial, the jury returned a verdict in favor of Appellees. As a result, the District Court entered a judgment of no cause for action. This appeal followed.[2]

---

[1] In April 2013, the United States Magistrate Judge who was assigned to the case appointed pro bono counsel to represent Gooden. Two months later, Gooden asked that counsel be removed. The Magistrate Judge, after holding a hearing, granted that request. Gooden proceeded pro se going forward, representing himself at trial.

II.

Federal Rule of Appellate Procedure 10(b)(1) requires an appellant to order, within 14 days of filing the notice of appeal, a transcript of the parts of the District Court proceedings "not already on file as the appellant considers necessary." Fed. R. App. P. 10(b)(1). Our local rules also require an appellant to order such a transcript, and they provide that an appellant who cannot afford the cost of the transcript may move to have the transcript prepared at government expense pursuant to 28 U.S.C. § 753(f). See 3d Cir. LAR 11.1.

In this case, we have no trial transcript before us. Gooden neither paid the court reporter to produce that transcript nor moved for relief under § 753(f). In fact, even after Appellees highlighted his failure to do so in their merits brief, Gooden did not file a reply or take any other action. With this in mind, we turn to his claims on appeal.

As best we can tell, Gooden's informal merits brief raises as many as five claims. First, he contends that the District Court erred by failing to admit certain medical records and "pictures" at trial. Second, he claims that his "pre-trial memorandum" was "stolen [a]t court" by "Sheriff or Federal Agents." Third, he alleges that the District Court conspired with Appellees' counsel. Fourth, he appears to raise some challenge to an aspect of the District Court's charge to the jury. Finally, he claims that a witness statement was improperly withheld from the jury.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Gooden's second and third claims are nothing more than bald assertions and give us no reason to disturb the District Court's judgment. As for the remaining three claims, they, too, are undeveloped. But more importantly, those three claims concern issues that cannot be resolved without reviewing the trial transcript. Because Gooden has failed to order that transcript, we are unable to review those three claims.[3]

In light of the above, we will affirm the District Court's judgment.[4]

---

[3] Shortly after Gooden filed his notice of appeal, he filed several letters in the District Court. One of those letters, which was addressed to the Magistrate Judge, stated, inter alia, that Gooden "will [a]sk for Supreme Appeallate [sic] court to subpoena for . . . [t]apes of trial." Even if we were to liberally construe this letter as a request for us to grant Gooden relief under § 753(f), we would deny that request because he has failed to show that any of his three transcript-dependent claims presents a substantial question. See 28 U.S.C. § 753(f).

[4] Although we may dismiss an appeal based on an appellant's failure to order a transcript, see Fed R. App. P. 3(a)(2), we decline Appellees' invitation to take that action here. See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989) (explaining that "[d]ismissal of an appeal for failure to comply with procedural rules is not favored").