PRECEDENTIAL
GCO-002-E

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1033
_____

UNITED STATES OF AMERICA,
                                          Appellant

v.

FRANCIS RAIA


_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-18-cr-00657
District Judge: The Honorable William J. Martini
_____

Before: SMITH, *Chief Judge*, AMBRO and
CHAGARES, *Circuit Judges*.

(Filed: April 2, 2020)

Mark E. Coyne
Steven G. Sanders
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ  07102
     *Counsel for Appellant*

Jenny Chung
Lee Vartan
Chiesa Shahinian & Giantomasi
One Boland Drive
West Orange, NJ  07052

David M. Dugan
Chiesa Shahinian Giantomasi
11 Times Square
31st Floor
New York, NY  10036

Alan L. Zegas
Law Offices of Alan L. Zegas
Third Floor West
60 Morris Turnpike
Summit, NJ  07901
     *Counsel for Appellee*

———————————

OPINION OF THE COURT
———————————


SMITH, *Chief Judge*.

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i).[1] But

---

[1] The relevant portion of § 3582 provides:

> (c) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT.–The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case–
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A). And even then, defendants must first submit their motion to "the [sentencing] court"; we can only consider these motions on appeal. § 3582.

Nevertheless, Francis Raia asks us to decide his compassionate-release motion in the first instance. Alternatively, he asks us to dismiss the government's pending appeal so the District Court can decide the motion. But although he asked BOP to move for compassionate release on his behalf, he did not give it thirty days to respond. So we will deny Raia's motion.

# I

While running for local office in Hoboken, New Jersey, Raia directed campaign volunteers to bribe voters with $50 payments to vote for him by absentee ballot and support a measure he favored. A jury convicted Raia of

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

conspiring to use the mails to promote unlawful activity in violation of 18 U.S.C. § 371. *See also* 18 U.S.C. § 1952(b)(i)(2) (defining "unlawful activity" to include bribery). The District Court sentenced Raia to three months imprisonment, one year of supervised release, and a $50,000 fine. But the government thought the sentence was too lenient, having originally sought twenty-seven months imprisonment. It appealed to this Court under 18 U.S.C. § 3742(b).

On March 3, 2020, with the government's appeal pending, Raia reported to the federal correctional institute in Fairton, New Jersey to begin his sentence. Shortly thereafter, he asked BOP to move for compassionate release on his behalf. But before BOP responded, and before thirty days passed, Raia filed his own motion with the District Court for compassionate release given the present pandemic caused by COVID-19, a highly contagious respiratory virus which has already infected over 25,000 people in New Jersey and poses unique risks in population-dense prison facilities. *See* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_ covid-19.jsp; New Jersey, *COVID-19 Information Hub*, https://covid19.nj.gov/ (last updated Apr. 2, 2020, 1:00 PM). In particular, Raia claimed he faces heightened risk of serious illness or death from the virus since he is sixty-eight-years old and suffers from Parkinson's Disease, diabetes, and heart issues.

Two days later, the District Court denied the motion, concluding that the pending appeal divested it of jurisdiction. In a footnote, however, the District Court offered that it would have granted the motion and released Raia to home confinement "[d]ue to the increased risk posed by a custodial term" in light of COVID-19, and because Raia's offense "was non-violent and [Raia] has otherwise been a highly productive, charitable member of his community." Order n.1, Mar. 26, 2020 (ECF No. 86).

Raia has not appealed that order. Instead, he filed a motion asking this Court to decide his compassionate-release motion. Alternatively, he asks us to return jurisdiction to the District Court by dismissing the government's appeal without prejudice. He claims we have power to do so under Federal Rule of Appellate Procedure 3(a)(2), which notes: "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal."

**II**

We cannot decide Raia's compassionate-release motion in the first instance. Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted and Raia himself acknowledges. *See, e.g.*, *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020); *United States v. Smith*, 896 F.3d 466, 473 (D.C. Cir. 2018); Mot. 3.

Nor can we dismiss the government's appeal under Rule 3(a)(2). Rule 3(a)(2) dismissal is a sanction for "fail[ing] to comply with procedural rules." *Horner Equip. Int'l, Inc. v. Seaside Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989); *see also Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 101 (3d Cir. 2015). Here, there is nothing the government has failed to do.

We could, however, remand the case to the District Court while retaining jurisdiction over the government's appeal under Rule 12.1. That would allow the District Court to consider Raia's compassionate-release request in the first instance.

But any remand would be futile. As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider Raia's request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for Raia to administratively exhaust within that time period (as such, we need not address administrative appeals here). Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.

Accordingly, since Rule 3(a)(2) is inapt and since remanding the matter under Rule 12.1 would be futile, we will deny Raia's motion outright.

\* \* \*

7

We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid-19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the statutory requirement will be speedily dispatched in cases like this one. Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020), https://www.justice.gov/file/1262731/download. So we will deny Raia's motion.