**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1093
_____

UNITED STATES OF AMERICA

v.

CARY LEE PETERSON,
                            Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. 3-16-cr-00230-001)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to LAR 34.1(a)
July 10, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed: October 8, 2020)


_____

OPINION[*]
_____


McKEE, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Pro se* appellant, Cary Peterson, appeals his conviction and sentence for securities fraud and for making materially false and misleading statements about his publicly traded company. While we construe *pro se* petitions liberally, *pro se* petitioners are not given license to "flout procedural rules."[1] Nor can they expect appellate courts to comb through a record they failed to provide. Accordingly, we must affirm the district court's judgment of conviction and sentence.

During trial, the Government produced testimony from several witnesses who testified about Peterson's dishonesty and fraud. Peterson simply argued that he did not intend to deceive or defraud anyone and that the alleged scheme was too complex for him to have accomplished.[2] That argument was obviously insufficient to raise a reasonable doubt in the jurors' minds.

As an incarcerated, *pro se* petitioner, Peterson is offered some latitude in his appeal considering his limited access to legal resources compared to represented plaintiffs. The facts section of Peterson's appellate brief alleges baseless and unsubstantiated facts about the motivations of the prosecution and judges associated with the case and claims Peterson was not tried by an impartial court.[3] Peterson asserts the criminal trial brought against him was a private prosecution despite being brought by the Government. He also argues, without citing any support whatsoever, that he is somehow

---

[1] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).
[2] Supp. App. 57-58.
[3] Appellant's Br. 15-17.

the victim of judges and law enforcement officials who are graduates of Seton Hall University.[4]

Given the frivolity of his unsupported allegations, it is not surprising that Peterson failed to provide relevant transcripts of the trial and sentencing hearing as required by Federal Rule of Appellate Procedure 10(b) and Local Appellate Rule 11.1.[5] While we are exceedingly reluctant to dismiss an appeal for failure to comply with procedural rules, we are authorized to do so by Federal Rule of Appellate Procedure 3(a) and the arguments here warrant nothing more.[6] Peterson provided no record and therefore gave no basis for us to review his unsupported allegations. Moreover, to the extent that he does present a legal argument, it is also frivolous and unsupported. We also conclude that his sentence was within the applicable Guideline range and there is nothing to suggest it was unreasonable or inappropriate.[7]

Accordingly, we will affirm the district court's judgment of conviction and sentence.

---

[4] *Id*. 15-18.

[5] Even if Peterson could not afford the cost, he could have filed an application pursuant to 28 U.S.C. §753(f) for the court to provide transcripts at the government's expense. *See* L.A.R. 11.1.

[6] *See Horner Equip. Int'l, Inc., v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989).

[7] *United States v. Handerhan*, 739 F.3d 114, 119-20 (3d Cir. 2013).