**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1860
_____

BRIGITTE NELSON,
                                        Appellant

v.

ACRE MORTGAGE & FINANCIAL INC;
CLASSIC QUALITY HOMES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01050)
Magistrate Judge:  Honorable Joseph F. Saporito, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 16, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Brigitte Nelson brought federal and state law claims against the defendants related to a real estate transaction.[1] Several of the claims went to jury trial, where she prevailed on her breach-of-contract claim against Classic Quality Homes ("Classic") but did not obtain relief on her other state law claims against Classic or her claims against Acre Mortgage & Financial, Inc. ("Acre") under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). She now appeals, broadly arguing, inter alia, that she met her burden to show that both defendants violated TILA, RESPA, and Pennsylvania's Unfair Trade Practice and Consumer Protection Law (UTPCPL). But, like most of her claims, that claim is unreviewable without the trial transcript, and her other claims are meritless, so we will affirm.[2]

An appellant must order, within 14 days of filing the notice of appeal, a transcript of the parts of the District Court proceedings "not already on file as the appellant considers necessary." Fed. R. App. P. 10(b)(1). Our local rules also require an appellant to order such a transcript, and they provide that an appellant who cannot afford the cost of the transcript may move to have the transcript prepared at government expense pursuant to 28 U.S.C. § 753(f). See 3d Cir. L.A.R. 11.1.

---

[1] As we write primarily for the parties, who are familiar with the procedural history, including the earlier appeal (at C.A. No. 20-3126), and the facts of this case, we omit a detailed description of the background.

[2] We have jurisdiction under 28 U.S.C. § 1291.

2

Nelson, who paid the fees for filing and docketing this appeal, neither paid the court reporter to produce that transcript nor moved for relief under § 753(f). And, without the trial transcript, we cannot assess her claims that the evidence presented at trial did not support the jury verdict; that defense counsel used "provocative language," Appellant's Informal Brief at 9; and that an evidentiary decision about a polygraph test was erroneous. See Morisch v. United States, 653 F.3d 522, 529-30 (7th Cir. 2011) (discussing the inability to conduct "meaningful review" in the absence of a transcript). Accordingly, we do not reach these claims.[3] See id. (describing how the failure to order the transcript can be grounds for forfeiture of a claim).

Nelson's other claims lack merit. She contends that the judgment entered in Classic's favor on the UTPCPL count (ECF No. 218) is inconsistent with the jury verdict because she prevailed against Classic on her breach-of-contract claim. However, the claims were separate, and the jury did not find in her favor on the UTPCPL claim.[4] To

---

[3] Although the failure to order a transcript can be grounds for dismissal, see Fed R. App. P. 3(a)(2), we will not dismiss this appeal. See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989) (explaining that "[d]ismissal of an appeal for failure to comply with procedural rules is not favored"). Although we also could order Nelson to supplement the record, see Fed. R. App. P. 10(e), we decline to do so because she had an opportunity to address or correct the problem after the issue was raised in Acre's brief, and she took no action (she did not even discuss the matter in her reply brief).

[4] The UTCPCL claim, which was slated for trial, see ECF No. 124, did not appear on the verdict slip. But Nelson does not raise any issue related to that (and the other parties do not discuss it), so we do not address it. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited

the extent that Nelson challenges the District Court's earlier decision to eliminate recission from consideration by the jury as a possible remedy for a TILA or RESPA violation, that challenge fails because the jury did not that such violations occurred.

Nelson also contends that an admission pro hac vice of one of Acre's attorneys, Alexander Owens, was improper and undermines the validity of the verdict. However, we discern no abuse of discretion, see United States v. Costanzo, 740 F.2d 251, 258 (3d Cir. 1984), in Owens' admission pro hac vice on a motion for admission using a standardized form that included the necessary information, see M.D. Pa. Local Rule 83.8.2.1. Nelson's claims relating to purported misconduct by attorneys in discovery, in preparation for trial, and during jury deliberations (the last of which also implicated the courtroom deputy and possibly implicated a member of the United States Marshals Service), do not appear to have been raised in the District Court, so we have no rulings to review.[5]

claims by failing to raise them in the opening brief). Even if the issue were before us, we would be hard-pressed to determine what happened to that claim without the trial transcript.

[5] If the issues were discussed and considered during the court of the trial proceedings, we have no way of evaluating any decisions in the absence of the transcript.

4

In light of the above, we will affirm the District Court's judgments.[6] Nelson's requests for subpoenas, Appellant's Informal Brief at 22-23, and for an opportunity to submit a supplemental itemized list of damages, id. at 30, are denied.

---

[6] To the extent that Nelson makes arguments about her other state law claims or any other earlier District Court rulings, they are either too fleetingly presented in her informal brief or presented too late in her reply brief for our consideration. See United States v. Savage, 970 F.3d 217, 280 n.70 (3d Cir. 2020) (indicating that an appellant forfeits an issue if she fails to raise it in his opening brief or makes only a passing reference to it in that brief). In any event, as with many of her other claims, we would need the trial transcript to consider any of her challenges to the jury verdict on the other state law claims. Additionally, to the extent that Nelson challenges the District Court's rejection of her objection to the bill of costs as untimely filed, that ruling postdates her notice of appeal and is not before us. And her arguments that the defendants are not entitled to costs are misdirected. The bill of costs is not before us; it remains pending in the District Court.