**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2146

_____


ANASTACIA HOWZE,

Appellant

v.

CITY OF PITTSBURGH


_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-16-cv-01298)
District Judge: Honorable Mark R. Hornak

_____


Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2024


Before: HARDIMAN, PORTER, and AMBRO, <u>Circuit Judges</u>


(Opinion Filed: June 12, 2024)

AMBRO, Circuit Judge

Anastacia Howze sued the City of Pittsburgh, her employer starting in 2005, for employment discrimination after she was allegedly denied an advancement opportunity in 2014 in retaliation for complaints she had lodged claiming discrimination and harassment. Howze filed this suit in 2016. She was subsequently terminated in 2017, after which she amended her complaint to allege the termination was unlawful.

The case went to trial. The City moved mid-trial per Federal Rule of Civil Procedure 50(a) for judgment as a matter of law as to the 2014 retaliation claim. The District Court apparently granted this motion as to the 2014 retaliation claim in the City's favor, but there is nothing in the appellate record reflecting its decision (presumably, made orally). The jury then denied all of Howze's remaining claims.

During its deliberations, the jury asked the Court: "Is there any form of proof/evidence that the plaintiff applied for a position w[ith] the City of Pittsburgh after she received a letter that her job was being eliminated?" App. 661–62. The Court asked counsel to consider what response might be appropriate. Howze's counsel speculated that this question was likely directed at Howze's mitigation efforts, which, he argued, was not an issue for the jury to consider. Her counsel insisted on reinstructing the jury as to the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

elements of the claims to avoid any confusion.  But the Court noted that there were other reasons the jury might have asked the question, and her counsel admitted that the Court's suggestion, *i.e.*, that there were other concerns potentially motivating the question, was a "fair consideration."  App. 671.  The Court then proposed the following response to the jury: "It is the role and responsibility of each juror and the jury to recall and consider all of the evidence admitted into the record, which includes testimony and exhibits and stipulations in the record."  App. 671–72.  Howze's attorney stated, "I think that's appropriate," and lodged no further objection to the response.  App. 672.

Howze appeals,[1] arguing the City's Rule 50(a) motion should not have been granted because she presented sufficient evidence for her retaliation claim and the District Court's response to the jury question failed to remedy the jurors' confusion.

On the first issue, there is no Rule 50(a) judgment preserved in the appellate record for us to review.  Howze points to no place in the record where the District Court ruled on the City's Rule 50(a) motion, although it must have done so because her 2014 retaliation claim does not appear on the jury verdict form.

Under Federal Rule of Appellate Procedure 10, Howze is required to "order . . . a transcript of such parts of the proceedings not already on file as [she] considers necessary[.]" Fed. R. App. P. 10(b)(1)(A).  If she "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, [she] must include in the record a transcript of all evidence relevant to that finding or conclusion."

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

Fed. R. App. P. 10(b)(2). Our Local Appellate Rules also require the appendix to include "[r]elevant portions of a trial transcript, exhibit, or other parts of the record referred to in the briefs . . . at such length as may be necessary to preserve context." L.A.R. 30.3(a); *see also* L.A.R. 11.1 (describing the duty of the appellant to transmit the trial court transcript). Further, Federal Rule of Appellate Procedure 3 states that failure to comply with appellate rules allows us to "act as [we] consider[] appropriate, including [by] dismissing the appeal." Fed. R. App. P. 3(a)(2); *see also Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 101 (3d Cir. 2015).

Howze has failed to comply with these procedural rules and leaves us with nothing to review. We do not even know the grounds on which the District Court apparently granted the City's Rule 50(a) motion because we do not have the relevant transcript. Instead, Howze cites to an inapplicable part of the transcript in support of her argument.[2] Nor does Howze otherwise attempt to explain or justify the failure to attach the relevant portion of the transcript. While we are generally reluctant to dismiss an appeal for failure to comply with procedural rules alone, we have no other recourse for Howze's challenge to the judgment on her retaliation claim. *See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989).[3]

---

[2] The only thing Howze points to in the record in support of this argument is part of the trial transcript where *her* attorney argued that he "could make a Rule 50 motion on the question as to whether she was disabled[.]" App. 635. This has nothing to do with the City's Rule 50(a) motion.

[3] Judge Hardiman would affirm the judgment on the 2014 retaliation claim because no reasonable jury could have found that Howze's protected conduct caused the alleged retaliatory failure to promote.

4

Regarding the jury instruction, there was no abuse of discretion.[4] The Court's response to the jury's question was reasonable, and Howze points to no legal error in its refusal to reinstruct the jury as to the elements of the relevant claims.

For these reasons, we dismiss the appeal in part and otherwise affirm the judgment of the District Court.

---

[4] We generally review jury instructions for abuse of discretion. *O'Brien v. Middle E. F.*, 57 F.4th 110, 117 (3d Cir. 2023). The City argues that we should review only for plain error here because, in its view, Howze failed to preserve her objection to the Court's response by ultimately agreeing to it despite having previously objected to it. We do not address that issue because, even assuming Howze preserved the objection, the Court's response was not an abuse of discretion.